UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:09CV288

KHOSROW PARMAEI,            )
                            )
    Petitioner,             )
                            )
    v.                      )    O R D E R
                            )
RICK JACKSON,               )
    Respondent.             )
_____)

**THIS MATTER** is before the Court on initial review of Petitioner's 28 U.S.C. § 2254 Petition for Writ of Habeas Corpus, filed July 28, 2009 (Doc. No. 1).

## I. Factual and Procedural Background

A review of the Petitioner's Petition reveals that a jury found Petitioner guilty of first degree murder on September 3, 2004. Petitioner appealed to the North Carolina Court of Appeals and his conviction was affirmed on November 7, 2006. Petitioner filed a petition for discretionary review which was denied on May 8, 2007. Petitioner did not file a petition for certiorari in the United States Supreme Court. However, Petitioner did begin his collateral attack by filing a motion for appropriate relief ("MAR") in the Superior Court for Buncombe County on August 1, 2008, which was denied on December 17, 2008. Petitioner then filed an appeal of the denial of his MAR in the North Carolina Court of Appeals on February 6, 2009 and that petition was denied on February 23, 2009.

On February 17, 2009, Petitioner filed his first habeas petition. However, the Clerk's

1

Office mistakenly sent the petition back explaining that Petitioner needed permission from the Fourth Circuit Court of Appeals to file a second or successive petition. By Order dated May 6, 2009, the Fourth Circuit denied Petitioner's motion as unnecessary because Petitioner had not previously filed a petition for writ of habeas corpus. Petitioner then filed another habeas petition on June 30, 2009. (See 1:09cv232). The undersigned dismissed the petition without prejudice because it appeared from Petitioner's filing that he his Petition was premature. (Id.; Doc. No. 2.) Petitioner filed the instant Petition on July 28, 2009. He has now attached the North Carolina Court of Appeals February 23, 2009 decision establishing that the instant Petition is not premature.

## II. Analysis

In April 1996, the U.S. Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (the AEDPA), effectively amending 28 U.S.C. § 2254 by adding the following language:

A 1 year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

    (A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review:

    (B)    the date on which the impediment to filing an application created by State in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

    (C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court; if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Furthermore, the AEDPA provides that the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

As has been noted above, the instant Petition reports that Petitioner sustained his conviction and sentence on September 3, 2004. Petitioner appealed to the North Carolina Court of Appeals and his conviction was affirmed on November 7, 2006. Petitioner filed a petition for discretionary review which was denied on May 8, 2007. Petitioner did not file a petition for certiorari in the United States Supreme Court. However, Petitioner did begin his collateral attack by filing a motion for appropriate relief ("MAR") in the Superior Court for Buncombe County on August 1, 2008, which was denied on December 17, 2008. Petitioner then filed an appeal of the denial of his MAR in the North Carolina Court of Appeals on February 6, 2009 and that petition was denied on February 23, 2009.

Petitioner's direct review ended on May 8, 2007. Because Petitioner did not seek certiorari review in the United States Supreme Court, this Court will give him the benefit of 90 days from May 8, 2007 which is August 6, 2007 – when the time expired for seeking a petition for a writ of certiorari in the United States Supreme Court. Under the AEDPA, Petitioner had until August 6, 2008 to either file a habeas petition or seek state collateral relief. Petitioner allowed all but 5 days to pass after his conviction became final before he initiated his unsuccessful collateral review proceedings in the North Carolina courts. Therefore, Petitioner

had 5 days remaining in which to file his federal habeas petition after he completed his collateral review proceedings in state court.

Petitioner's first habeas petition filed on February 17, 2009 was improperly sent back to him so that he could seek permission from the Fourth Circuit to file a second or successive petition.[1] Petitioner then sought permission, as directed by the Clerk's Office, from the Fourth Circuit Court of Appeals to file a second or successive petition. On May 6, 2009, the Fourth Circuit denied Petitioner's request for authorization to file a second or successive petition because Petitioner had not previously filed a habeas petition. Petitioner then waited until June 30, 2009 to file his habeas petition. (See 1:09cv232). This Court dismissed that Petition without prejudice as it appeared from Petitioner's filing that his petition was premature.[2] Petitioner then mailed the instant Petition on July 22, 2009. Petitioner has now provided all the documentation establishing that he has completed state collateral review. However, Petitioner's habeas petition is untimely. Indeed, Petitioner allowed all but 5 days to pass after his conviction before he initiated his unsuccessful collateral review proceedings in the North Carolina courts. Therefore, Petitioner had 5 days remaining in which to file his federal habeas petition after he completed his collateral review proceedings in state court. Petition completed his state collateral review on

---

[1] The Court concedes that the Clerk's Office decision to send Petitioner's February 17, 2009 petition back to him with instructions to seek permission from the Fourth Circuit Court of Appeals to file a second or successive habeas petition was an error. However, the Court also notes that such petition would have been prematurely filed in this Court as Petitioner had not yet received the North Carolina Court of Appeals decision denying his petition for writ of certiorari. Indeed, Petitioner has now provided a copy of the Court of Appeals decision denying his petition for writ of certiorari which is dated February 23, 2009.

[2] Petitioner did not attach copies of any decisions from the State Court with respect to his state collateral review and Petitioner specifically stated in is federal petition that his petition for writ of certiorari was pending in state court.

4

February 23, 2009 when the North Carolina Court of Appeals denied his petition for writ of certiorari. Even if this Court allows the running of the 5 days to begin on May 6, 2009, when the Fourth Circuit Court of Appeals denied his request for permission to file a second or successive petition because Petitioner had not previously filed a federal habeas petition, the instant petition would still be untimely as it was filed on July 22, 2009, clearly more than 5 days after May 6, 2009. Indeed, Petitioner's June 30, 2009 Petition, which was dismissed without prejudice, would also be untimely.

Petitioner argues that when he filed his initial habeas petition on February 17, 2009 his petition was timely. He also argues that he did what this Court directed when he pursued permission from the Fourth Circuit Court of Appeals to file a second or successive petition. Petitioner is not entirely correct. Indeed, the petition he filed on February 17, 2009 would have been dismissed as premature as the North Carolina Court of Appeals had not issued its decision denying his petition for writ of certiorari at the time he filed his initial habeas petition.

Moreover, as to equitable tolling, the Fourth Circuit Court of Appeals has stated that such tolling is allowed in "those rare instances where – due to circumstances external to the party's own conduct – it would be unconscionable to enforce the limitations period against the party and gross injustice would result." Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2004) (en banc), cert. denied, 125 S.Ct 209 (2004). See also United States v. Sosa, 364 F.3d 507, 511-13 (4th Cir. 2004). Here, the Petitioner correctly points out that he followed the instructions of this Court in seeking permission from the Fourth Circuit Court of Appeals to file a second or successive petition. The Fourth Circuit denied Petitioner's request because Petitioner had not previously filed a federal habeas petition. Such permission was therefore unnecessary. This Court concedes

that the Clerk made a mistake in so requiring Petitioner to seek permission from the Fourth Circuit to file a second or successive petition. Therefore, the Court will allow that Petitioner's remaining five days left on his one-year limitations period should not begin to run until the Fourth Circuit's decision which was May 6, 2009. However, Petitioner did not file his next petition until June 30, 2009 and the instant petition until July 22, 2009. Both are untimely under the AEDPA as Petitioner only had 5 days remaining on his one-year limitations period when the Fourth Circuit issued its Order on May 6, 2009.

Therefore, Petitioner does not set forth any basis which would support a finding that it would be unconscionable to enforce the limitations period, or that a gross injustice would result from such enforcement. Therefore, equitable tolling also is not available for the Petitioner.

### III. Conclusion

The Petitioner has failed to demonstrate that his habeas Petition was timely filed in this Court. Accordingly, such Petition must be dismissed.

### IV. Order

**NOW, THEREFORE, IT IS HEREBY ORDERED** that the Petitioner's Petition for a Writ of Habeas Corpus is **DISMISSED** as untimely.

**SO ORDERED.**

Signed: August 4, 2009

Graham C. Mullen
United States District Judge