UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:09CV288-03-MU

| | |
|---|---|
| KHOSROW PARMAEI, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **O R D E R** |
| ) | |
| RICHARD NEELY, ) | |
| ) | |
| Respondent. ) | |
| _____) | |

**THIS MATTER** is before the Court on Respondent's reply to Petitioner's response to the Motion for Summary Judgment , filed September 9, 2010 (Doc. No. 25); Petitioner's response filed September 14, 2010 (Doc. No. 27); and Respondent's reply filed September 15, 2010 (Doc. No. 28). At issue is whether Petitioner can, for the first time on habeas review, offer new evidence in support of his claims. In his response to the Respondent's Motion for Summary Judgement, Petitioner offered evidence in support of his claims that had not previously been considered by the state courts. Specifically, Petitioner offered an August 2010 report of an independent investigation of the Forensic Biology Section of the State Bureau of Investigation ("SBI Report"); his own affidavit dated September 1, 2010; an affidavit from trial counsel, Mr. William Leslie, dated August 17, 2010; and an affidavit from a forensic expert, Mr. Girndt, dated September 7, 2010.

Respondent contends that the SBI Report "presents a whole new and different set of concerns not raised in Petitioner's original federal habeas petition or in state court." (Doc. No. 28 at 2.) As such, Respondent contends that these "references and assertions" are non-exhausted claims under Winston v. Kelly, 592 F.3d 535, 550-52. Petitioner argues that "[t]he information provided about

1

the SBI laboratory was, as clearly stated in the Introduction to Response, intended to give this Court the necessary background and context in which to analyze the conduct of trial and appellate counsel." (Doc. No. 27 at 2.) Petitioner contends that he has not added any new claims and that the factual bases for all of his claim were squarely presented to and adjudicated on the merits by state MAR court and that he has fully complied with the exhaustion rule in 28 U.S.C. § 2254(b)(1)(A).

With respect to the new affidavits i.e., Petitioner's, trial counsel's and Mr. Girndt's, the Respondent argues that such affidavits cannot be considered by this Court for purposes of evaluating his claims under the deferential standards of 28 U.S.C. § 2254(d)(1) and (e)(2). Bell v. Jarvis, 236 F.3d 149, 171 n. 13 (4th Cir. 2000). Petitioner does not specifically respond to this argument, but instead argues that Vasquez v. Hillary, 474 U.S. 254, 258 (1986) allows "supplement[ation] and clarif[ication] of the state court factual record" so long as it does not "necessarily change a claim so dramatically as to require the state courts be given a new opportunity to hear the issues." (Doc. No. 27 at 2).

With respect to whether this Court can consider the "supplemental evidence" the Supreme Court has stated that new evidence that does not "fundamentally alter" the Petitioner's claims can be considered on habeas review. Vasquez v. Hillary, 474 U.S. 254, 259 (1986). The Fourth Circuit recently considered the Vasquez opinion and stated that

> [w]e read Vasquez to permit a district court to consider new evidence if it supports factual allegations for which there is already at least some support in the state record. The evidence in Vasquez was supplemental insofar as there was already evidence in the state record from which a fact-finder could reasonably determine the existence of facts essential to the petitioner's claim. This reading is consistent with circuit precedent requiring petitioners to present the operative facts of their claims to the state courts. Matthews, 105 F.3d at 911. We note that the strength of the evidence in the state court record is irrelevant to our interpretation. Suppose, for example that a petitioner on federal habeas introduces new evidence to establish the existence of fact X, a fact required to prove his claim. The claim will inevitably be stronger, regardless of the evidence the petitioner presented to the state courts. However, if

2

the petitioner presented no evidence to the state courts to establish the existence of fact X, the claim will be fundamentally altered by the new evidence presented to the district court.

Winston v. Kelly, 592 F.3d 535, 550 (4th Cir. 2010).

Having considered both Vasquez and Winston, the Court perceives two issues concerning the proposed "supplemental" evidence: (1) whether such evidence "fundamentally alters the legal claim already considered by the state court" and (2) whether Petitioner failed to develop the factual basis of the claim in state court especially in light of the fact that Petitioner was represented by counsel during the MAR proceedings and each of the affidavits sought to be admitted now, could have been sought during the MAR proceedings. The Court will set the case on for hearing to determine whether the "supplemental" evidence Petitioner seeks to offer is permitted in the context of the instant federal habeas proceeding. At the hearing, counsel should be prepared to discuss the following:

(1) In light of Winston, Petitioner's counsel shall be prepared to specify exactly what fact, required to prove his particular claim, each "supplemental" piece of evidence is being offered to prove;

(2) Whether the admission of any of the "supplemental" evidence changes the deferential standard of review to be applied by this Court; and

(3) Whether Petitioner, who was represented by counsel during the MAR proceedings, had a duty to develop the "supplemental" evidence at issue here which existed at the time he filed his MAR.

A hearing will be held in this case on December 14, 2010 at 10:30 to determine whether Petitioner's supplemental evidence may be considered in the context of his habeas petition.

**SO ORDERED**.

Signed: November 10, 2010

Graham C. Mullen
United States District Judge